WALTER KRUGER, Appellant, v. E. H. MAERCKLEIN and Chris Dockter, Respondent.

(195 N. W. 511.)

**Dismissal and nonsuit — one refusing to submit proof under original complaint cannot complain of court's construction or refusal to permit an amendment; dismissal of cause with prejudice held erroneous.**

Where upon impanelling a jury, plaintiff's counsel has directed certain questions to a prospective juror which the trial court indicated to be improper under the pleadings, and where plaintiff's counsel thereupon sought to amend the complaint and, upon denial of the amendment refused to further proceed with the cause, and where thereupon the trial court dismissed plaintiff's action with prejudice, it is held, for reasons stated in the opinion,—

(a) That counsel having refused to submit proof in behalf of a cause of action as alleged in his original complaint is not in a position to predicate error upon the court's construction of the complaint or its refusal to permit an amendment.

(b) That under the circumstances, the trial court erred in dismissing plaintiff's cause of action with prejudice.

Opinion filed October 10, 1923.   Rehearing denied October 27, 1923.

Appeal and Error, 3 C. J. § 577 p. 688 n. 29.   Dismissal and Nonsuit, 18 C. J. § 131 p. 1201 n. 1.

In District Court, McIntosh County, *Allen*, J.

Action of malpractice.

From a judgment of dismissal with prejudice plaintiff has appealed. Modified and affirmed.

*John A. Jorgenson*, for appellant.

Violation of statute makes it negligence per se.   20 R. C. L. 38, § 33, note 13, and cases cited; Wilson v. N. P. R. Co. 30 N. D. 456, L.R.A.1915E, 991, 153 N. W. 429.

Where the basis of the claim of negligence per se is the violation of an ordinance, there are authorities pro and con:   See note in 16 Ann. Cas. page 1064.

"It is urged that it was necessary to plead the ordinance in order to make it available as evidence, and that the trial court therefore erred in admitting it over the objections of defendant.   The precise question thus presented appears never to have been decided by this court, but it appears to us that, upon elementary principles, it was admissible without having been pleaded.   The cause of action here alleged was not a violation of the ordinance, but the negligence of the defendant, and the ordinance was simply evidence offered to show such negligence.   Under our system of pleading, it is both unnecessary and improper to plead the evidence relied on to establish the ultimate facts essential to a cause of action."   Cragg v. Los Angeles Trust Co. 154 Cal. 663, 98 Pac. 1063; 16 Ann. Cas. 1061.

"It may be stated with confidence that the proposition is well established that where an action is founded on common-law negligence, and an ordinance is not pleaded, proof of the violation of such ordinance is admissible as bearing upon the question of general negligence."   Meng v. St. Louis, 108 Mo. App. 553, 84 S. W. 213; Brasington v. South Bound R. Co. 63 S. C. 325, 89 Am. St. Rep. 905, 40 S. E. 665; State v. Reynolds (Mo.) 214 S. W. 369; Jaquith v. Worden, 73 Wash. 349,

48 L.R.A.(N.S.) 827, 132 Pac. 33; Scragg v. Sallee, 24 Cal. App. 133, 140 Pac. 706; Caughlin v. Campbell-Sell Baking Co. 39 Colo. 148, 8 L.R.A.(N.S.) 1001, 121 Am. St. Rep. 158, 89 Pac. 53; 15 Enc. Pl. & Pr. 427; Goodwin v. Chicago, 75 Mo. 73; Lynn v. R. R. 75 Mo. 167.

If the refusal of "an amendment is not an act of independent discretion, but based upon an erroneous construction of a previous ruling," it is error. Rae v. Chicago etc. R. Co. 14 N. D. 507, 105 N. W. 721.

The rule is to allow amendments; to refuse, the exception. Nashua v. Lovejoy, 1 N. D. 211, 46 N. W. 411; Anderson v. Bank, 5 N. D. 80, 64 N. W. 114; Bigelow v. Draper, 6 N. D. 152, 69 N. W. 570.

"Although it has been held that a dismissal without prejudice is not a proper practice in an action at law, in most jurisdictions where the dismissal is based on some ground not going to the merits of the case, a decree or order cannot be made precluding the party from again litigating the question touching the merits, and a dismissal which is not on the merits, is usually treated as being without prejudice, although not so stated in the order. Hence, a dismissal should be without prejudice where a case is regularly called for trial and plaintiff refuses to proceed with the trial." 18 C. J. p. 1201. Citing Clark v. Dekker, 43 Kan. 692, 23 Pac. 956.

*I. A. Mackoff* and *Knauf & Knauf,* for respondents.

"Although the violation of a statute may be negligence per se, there must be a causal connection between the unlawful act and the injury, which fact must be pleaded and proven, or the action dismissed." Cary v. Los Angeles, 157 Cal. 599, 108 Pac. 682; Presto Lite Co. v. Skeel, 182 Ind. 593, 106 N. E. 385; Soules v. Moore, 65 Vt. 322, 21 L.R.A. 723, 26 Atl. 629; Galena v. Loomis, 13 Ill. 542, 56 Am. Dec. 471; Mares v. Wormington, 8 N. D. 329, 79 N. W. 441.

Our statute, § 7492, is liberal in the allowance of amendments, but does not permit of new causes of action being inserted in complaints. Cook v. N. P. R. Co. 22 N. D. 273.

"The defense of forfeiture for failure to comply with the provisions of the iron-safe clause must be specially pleaded." Ennis v. Retail Merchants Asso. Mut. F. Ins. Co. 33 N. D. 20, 156 N. W. 254.

This defense was not pleaded in the original answer herein. And although under the views expressed above, it is unnecessary to deter-

mine whether the proposed amendment to the answer should have been allowed, it may properly be observed that under our system of procedure, trial courts are vested with a broad judicial discretion with respect to the allowance of amendments. And it is firmly established that an appellate court will not interfere with the trial court's action except in case of a clear abuse of such discretion. Webb v. Wegley, 19 N. D. 606, 610, 125 N. W. 562.

The authority vested in courts under the law to allow amendments to pleadings is conferred to promote the ends of justice, and should be liberally exercised by the courts to that end. The controlling principles in determining an application to amend is, or should be, whether the proposed amendment, if allowed, would further the ends of justice. Martin v. Luger Furniture Co. (N. D.) 77 N. W. 1003.

"In the case at bar the affidavit submitted in support of the application to amend presented no excuse whatever for the failure to assert the defense in the original answer. As we have already stated, the defendant was informed of the plaintiff's noncompliance with the iron-safe clause immediately after its adjuster arrived in Olga. The action was not commenced until more than one year after the adjuster had obtained this information. Under these circumstances, we would by no means feel justified in saying that the trial court erred in holding that an allowance of the proposed amendment would not be in furtherance of justice." Sheimo v. Norqual, 31 N. D. 343, 153 N. W. 470; Beauchamp v. Retail Merchants Asso. 38 N. D. 483, 165 N. W. 545.

"The rule of the statute in regard to amendment of pleadings is very liberal, and provides that the court may, 'in furtherance of justice, and on such terms as may be proper,' amend any pleadings. Code § 1144. When such amendments make a continuance necessary, or otherwise increase the costs, it is very important that amendments should be allowed, upon just terms, and usually, when such amendments are allowed, the only question of difficulty is as to the terms that should be required." Westrope v. Anderson, 150 N. W. 955.

"It is argued by the appellants that where there are allegations of negligence actionable at common law, but the allegations are not such as to indicate an intention to plead or rely upon the breach of an ordinance, the ordinance is not admissible as evidence. The respondents meet this argument by saying that it is only necessary to plead an

ordinance where it forms the basis of the action, such as an action to enforce a duty imposed by ordinance. The weight of an authority is with the appellants." 28 Cyc. 393.

BRONSON, Ch. J. This is an appeal from a judgment dismissing an action with prejudice. Plaintiff seeks to recover for malpractice against defendants. When a jury was being impanelled for the trial of the action plaintiff's counsel sought to inquire from a prospective juror his opinion or belief concerning a person who violated the law. Counsel's idea was that, since one of the defendants was not licensed to practice, the setting of the broken limb constituted negligence per se. Upon objection the court indicated that further questions along that line were improper. Thereupon plaintiff moved to amend the complaint so as to allege that one of the defendants was never licensed to practice medicine within the state. The court stated that if the parties wanted to agree upon some terms of continuance the amendment would be allowed; otherwise, it would be disallowed. Defendants' counsel objected to any continuance. Thereupon the trial court denied the motion for the amendment. Plaintiff's counsel stated to the court that the purpose of the amendment was to permit the introduction of evidence and base negligence upon the fact that one of the defendants was not admitted to practice. After refusal of the amendment, plaintiff's counsel stated to the court that plaintiff would stand on the record as it was; that it would be useless to proceed; that he did not wish to proceed at this time after such adverse ruling. Defendants then moved for a dismissal. The trial court granted the motion and dismissed the case with costs and with prejudice. The original complaint set forth a cause of action for breach of duty as physicians in failing to properly set plaintiff's broken limb. The plaintiff maintains that the trial court erred in not permitting the amendment and in advising counsel that upon the pleadings evidence could not be introduced to show that one of the defendants was not licensed as negligence per se.

Plaintiff is in no position to thus predicate error. It was the duty of plaintiff's counsel to proceed with the trial of the action. Merely because the trial court informed plaintiff's counsel in a preliminary way that a certain line of evidence would be subject to objection and rejection created no right in the plaintiff to abandon his action for that

reason and attempt to predicate error thereupon in the absence of any showing that otherwise he could not have established a cause of action under the original complaint; it stated a cause of action. It is the duty of attorneys to yield to the direction and the supervision of a trial court in the trial of a cause, making their objections and saving their exceptions courteously, and not to wholly abandon their client's cause of action simply because the trial court does not agree with counsel as to all of the elements thereof. The due administration of justice so requires.

However, we are of the opinion that under the circumstances the trial court erred in dismissing plaintiff's entire cause of action with prejudice. The statute, § 7597, Comp. Laws, 1913, contemplates the preservation of a remedy and a right to be heard where through error of law or error in proceeding plaintiff, without submitting the merits, has abandoned his cause of action. We are of the opinion that under the circumstances plaintiff should not be compelled to suffer the loss of his cause of action. The dismissal should have been without prejudice but with costs to the defendant. It is so ordered without costs to either party.

CHRISTIANSON, NUESSLE, JOHNSON, and BIRDZELL, JJ., concur.